IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHEILA ISOM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-2602-RDR |
| ) | |
| MIDWEST DIVISION – OPRMC, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Defendant Midwest Division – OPRMC, LLC's Motion to Compel (ECF No. 22). Defendant seeks to compel a full and complete damages computation from Plaintiff Sheila Isom in her initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii). Based upon the following, the Court hereby denies Defendant's motion.

**I.    Relevant Background**

Plaintiff brings this action against her former employer alleging sexual harassment, retaliatory discharge, and wrongful termination. On March 3, 2014, the Court entered an order directing the parties to exchange their Rule 26(a)(1) initial disclosures and provide a copy of their disclosures to the Court by April 30, 2014. On May 2, 2014, Plaintiff served her initial disclosures on Defendant and provided a copy to the Court. Plaintiff's initial disclosures included the following with regard to damages:

> **C. Rule 26(a)(1)(C) – Computation of Damages:**
> a. Plaintiff's damages consist of actual damages, penalties, attorney fees and costs. Plaintiff is in the process of consulting with prospective expert witnesses to calculate her damages, all of which will be produced upon its completion and as required thereafter according to the Court's scheduling orders and Rule 26, FRCP.
>      i.   Past Lost Wages
>      ii.  Past Lost Benefit

      iii. Future Lost Wages
      iv. Future Lost Benefits
      v.  Mental Anguish
      vi. Attorney fees and costs.

On May 16, 2014, the parties began discussions about the sufficiency of Plaintiff's damages disclosure pursuant to Rule 26(a)(1)(A)(iii). Defendants argued that Plaintiff's initial disclosures failed to include a computation of each category of damages and the documents upon which each computation is based. On May 19, 2014, Plaintiff's counsel sent an email to Defendant's counsel outlining how she calculated a settlement offer she previously made based on Plaintiff's lost income.[1] She also stated that she was in the process of obtaining an opinion from an economist to provide a precise calculation of lost wages. On June 2, 2014, Defendant filed the present motion to compel prior to receiving any further damages information from Plaintiff. Defendant's motion claims that Plaintiff's initial disclosures are insufficient and that she should be ordered to supplement her initial disclosures "to provide a computation of all categories of damages claimed and make available for inspection and copying the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered."[2] Defendant further requests an award of costs under Rule 37(a)(4) for bringing this motion.

  Subsequent to the filing of the present motion, Plaintiff provided Defendant her IRS Form W-2s since 2010 and several paycheck stubs from Plaintiff's employment with Defendant and her subsequent employer. On June 11, 2014, Plaintiff served her expert disclosure, which set forth the expert's calculations for past and future lost wages and benefits. On July 3, 2014, Plaintiff served "Plaintiff's First Amended Rule 26(a)(1) Disclosures" on Defendant, a copy of

---

[1] The scheduling order in this case required Plaintiff to submit a good-faith settlement proposal by May 12, 2014, and for Defendant to make a good-faith counter-proposal by May 26, 2014. *See Scheduling Order* at 3, ECF No. 14.

[2] Def.'s Mem. in Supp. of Mot. to Compel at 1,4, ECF No. 23.

2

which was attached to an email directed to Defendant's counsel and carbon copied to the undersigned Magistrate Judge. As further explained below, the Court will consider Plaintiff's amended Rule 26(a)(1) disclosures. The amended initial disclosures provide in relevant part the following:

> **C. Rule 26(a)(1)(C) – Computation of Damages:**
> a. Plaintiff's damages consist of actual damages, penalties, attorney fees and costs. Plaintiff has consulted with an expert witness in order to determine the computation of damages.
>     i. Past Lost Wages/Benefits:    $38,887.00
>     ii. Future Lost Wages/Benefits:    $177,496.00
>     iii. Mental Anguish:    $500,000.00
>     iv. Attorney fees and costs: will be calculated on a contingency fees basis for 40% of the gross proceeds of a settlement or judgment.
>     v. The lost benefits are calculated as is set in Plaintiff's Designation of Experts, which was served on all counsel of record per the Certificate of Service (ECF #28).

## II.    Consideration of Plaintiff's Amended Rule 26(a)(1) Initial Disclosure

As an initial matter, the Court must determine whether the emailed copy of Plaintiff's amended initial disclosures should be considered as a part of the briefing on the present motion. Because Defendant's motion was fully briefed at the time Plaintiff sent her email, the Court will consider Plaintiff's submission as a surreply even though it was not filed with the clerk's office. Under D. Kan. Rule 7.1(c), briefing on motions is limited to the motion (with memorandum in support), a response and a reply. Surreplies typically are not allowed.[3] "They are permitted in rare cases only, and not without leave of court."[4] In this case, Plaintiff failed to ask for leave of the Court before submitting her surreply, which is normally not permitted. However, Plaintiff's amended initial disclosures cure the alleged deficiencies argued in Defendant's motion.

---

[3] *Garcia v. Univ. of Kan. Hosp.*, No. 12-2792-KHV, 2013 WL 4482696, at *3 (D. Kan. Aug. 21, 2013) (citation omitted).

[4] *Id.*; *see Hall v. Whitacre*, No. 06-1240-JTM, 2007 WL 1585960, at *1 (D. Kan. May 31, 2007) ("Surreplies are heavily disfavored, and are allowed only in the most extraordinary circumstances.").

Therefore, if the Court found Defendant's allegations warranted, it would be unnecessary to compel Plaintiff to amend her initial disclosures to cure the deficiencies when Plaintiff has already done so. Therefore, the Court will consider Plaintiff's amended initial disclosures in this very limited situation.

### III.     Procedural Conference Requirement

Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2 require a moving party, in good faith, to confer with opposing counsel before filing a motion to resolve any discovery disputes. When a motion is filed, it "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[5] The duty to confer generally requires counsel to "converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so."[6]

In this case, the parties have discussed the sufficiency of Plaintiff's damages disclosure over the telephone and through several emails. During these discussions, Plaintiff assured Defendant that she was in the process of obtaining an opinion from an economist to provide a more precise damages calculation. Plaintiff assumed that Defendant requested further damages details so that it could provide a good-faith counter settlement proposal. Therefore, she provided Defendant with details as to how she calculated her settlement proposal based on estimated lost income and stated a precise damage calculation will come from her expert. Plaintiff "concluded that [the damages calculation] issue was resolved pending the expert disclosure."[7] Notwithstanding Plaintiff's estimated settlement offer calculation and her assurance to provide a more precise damages calculation, to comply with D. Kan. Rule 37.1(b) Defendant felt obligated

---

[5] Fed. R. Civ. P. 37(a)(1).

[6] D. Kan. Rule 37.2.

[7] Pl.'s Resp. to Mot. to Compel at 7, ECF No. 30.

to file this motion within thirty days of the alleged default. Despite almost resolving this matter without court intervention, the parties' discussions address and compare their respective views on the current dispute in good faith. Therefore, the Court finds that Defendant did satisfy its meet-and-confer obligation.

### IV.     Discussion

Fed. R. Civ. P. 26(a)(1) provides that a party must, without awaiting a discovery request, provide to the other parties certain categories of information relating to the witnesses and documents that support their case and relate to their damages. Specifically, subsection (A)(iii) states that a party must provide:

> a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]

A defendant generally is entitled to a specific computation of a plaintiff's damages.[8] Notwithstanding this principle, "[c]ourts have held that because emotional suffering is personal and difficult to quantify and because compensatory damages for emotional distress are typically considered a fact issue for the jury, emotional distress damages are not subject to the kind of calculation contemplated by Rule 26(a)(1)(A)(iii)."[9] Further, a party's obligation to make available the supporting documents pertaining to the calculation of damages "applies only with respect to documents then reasonably available to it and not privileged or protected as work

---

[8] *See Kleiner v. Burns*, No. 00-2160-JWL, 2000 WL 1909470, at *2 (D. Kan. Dec. 22, 2000).

[9] *See Anderson v. United Parcel Serv., Inc.*, No. 09-2526-KHV-DJW, 2010 WL 4822564, at *10 (D. Kan. Nov. 22, 2010) (citations omitted).

product."[10] "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."[11] Moreover, a party is not excused from making its disclosures because it has not fully investigated the case.[12]

The main purpose of Rule 26(a)(1) disclosures "is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information."[13] Initial disclosures should provide the parties with information essential to the proper litigation of all relevant facts and to eliminate surprise and promote settlement.[14] In short, the Rule 26(a)(1) disclosure requirements should "be applied with common sense in light of the principles of Rule 1, keeping in mind the salutary purposes that the rule is intended to accomplish. The litigants should not indulge in gamesmanship with respect to the disclosure obligations."[15]

Defendant argues that Plaintiff's original disclosures do not comply with Rule 26(a)(1)(A)(iii) because they lack a computation of her claimed damages and fail to include any documents or other evidentiary materials to support these claimed damages. The Court agrees. Plaintiff's original initial disclosures list the type of damages sought (i.e., past lost wages/benefits; future lost wages/benefits, mental anguish, attorney's fees and costs), but fail to provide any corresponding dollar computation. Even though mental distress damages are not subject to the kind of calculation contemplated by Rule 26(a)(1)(A)(iii), Plaintiff should have

---

[10] Fed. R. Civ. P. 26(a), advisory committee's note (1993).

[11] Fed. R. Civ. P. 37(a)(3)(A).

[12] Fed. R. Civ. P. 26(a)(1)(E).

[13] Fed. R. Civ. P. 26(a), advisory committee's note (1993).

[14] *Hertz v. Luzenac Am., Inc.*, No. CIVA04CV1961LTBCBS, 2006 WL 994431, at *5 (D. Colo. Apr. 13, 2006).

[15] Fed. R. Civ. P. 26(a), advisory committee's note (1993).

been able to provide, at the very least, an estimated dollar amount for past and future lost wages/benefits and how she calculated these estimates.[16] At the same time, Plaintiff should have made available any document or other evidentiary material for which each computation is based.

Even though Plaintiff originally failed to comply with Rule 26(a)(1)(A)(iii) in her original disclosures, Plaintiff's amended disclosures cure these deficiencies by including a computation for each listed damage. Further, Plaintiff provided Defendant with the expert report that formed the basis of its computations. Therefore, the Court finds it unwarranted to compel Plaintiff to comply with Rule 26(a)(1)(A)(iii) when she has already done so. Defendant's motion is denied.

The Court also denies Defendant's request for costs under Rule 37(a)(4). Rule 37(a)(4) states that "[f]or purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Because this provision does not relate to payment of expenses, the Court assumes that Defendant's request is being brought under Rule 37(a)(5). Pursuant to Rule 37(a)(5), if a motion to compel disclosures is granted or the disclosures are provided after the motion is filed "the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."[17] A court *must not* order expenses if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery

---

[16] *See Anderson*, 2010 WL 4822564, at *10.

[17] Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."[18]

In this case, the Court finds that an award of expenses is unjust under the circumstances. Through the parties' discussions, Plaintiff believed, albeit incorrectly, that this dispute was resolved pending her forthcoming expert disclosure. After reviewing the parties' email correspondence, this interpretation is conceivable. The Court finds Plaintiff's failure to supplement her original disclosures before the filing of the current motion to be substantially justified. Further, there is no apparent bad faith or gamesmanship on Plaintiff's behalf and any prejudice appears minimal, if at all. Defendant's request for an award of expenses is denied.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant Midwest Division – OPRMC, LLC's Motion to Compel (ECF No. 22) is hereby denied.

**IT IS SO ORDERED.**

Dated this 17th day of July, 2014, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[18] *Id.*